IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VICTORIA BELTON | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) **Cause No.** |
| v. | ) |
| | ) |
| **JAMES B. PEAKE, Secretary** | ) **Jury Trial Demanded on all** |
| **Department of Veterans' Affairs** | ) **claims triable to a Jury** |
| | ) |
| Serve: | ) |
| United States Attorney | ) |
| Eastern District of Missouri | ) |
| Thomas F. Eagleton Courthouse | ) |
| 111 South 10th St | ) |
| St. Louis. Missouri 63102 | ) |
| | ) |
| And | ) |
| Michael B. Mukasey | ) |
| Attorney General of the United States | ) |
| Washington, D.C. | ) |
| | ) |
| And | ) |
| | ) |
| Elizabeth Martin, Esq. | ) |
| Department of Veterans Affairs | ) |
| Office of Regional Counsel | ) |
| # 1 Jefferson Barracks Drive, Bldg 25 | ) |
| St. Louis, Missouri 63125 | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## COMPLAINT

## JURISDICTION AND VENUE

This Court has jurisdiction over Plaintiff's claims pursuant to Title VII of the
42 U S C § 2000 (e) et seq
Civil Rights Act of 1964, as amended; 42 U. S. C. § 1981 (a); 42 U. S. C. § 1981; 42 U.
^

1

S. C. § 1988; 29 C. F. R. § 1614 and the Declaratory Judgment Act, 28 U. S. C. §§ 2201. 2201. Venue is proper pursuant to 28 U. S. C. § 1391 (b).

## PARTIES

1. At the times relevant hereto, Plaintiff, **VICTORIA BELTON** was a resident of St. Louis County, Missouri.

2. Defendant, The Department of Veterans' Affairs' is an agency of the United States of America.

3. Defendant, the DEPARTMENT OF VETERANS' AFFAIRS employs more than three hundred and fifty (350) persons.

4. The parties may be found within the boundaries of the Eastern District of Missouri.

## ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff, VICTORIA BELTON is an African American female, who practices the Pentecostal religion.

2. Plaintiff, VICTORIA BELTON, was employed at the Veterans' Affairs' ("VA") Medical Center in St. Louis as a registered nurse for approximately four (4) years.

3. Plaintiff was assigned to the Operating Room.

4. Plaintiff's immediate supervisor was Sandra Sides.

5. From 2002 to 2006, Sandra Sides systematically harassed Plaintiff because of her race, gender and religion by publicly calling her derogatory names, yelling and screaming at her and calling her at home unnecessarily, and other conduct designed to harass and intimidate Plaintiff.

6. Upper management knew of Ms. Sides' negative behavior, but did nothing to prevent the hostile environment.

7. Ms. Sides' had a pattern and practice of creating a hostile working environment in the Operating Room.

8. Defendant was aware that Ms. Sides created a hostile working environment for her subordinates, as there had been other complaints filed.

9. Defendant immediately transferred other employees who complained about the hostile working environment under Ms. Sides.

10. On or about June 16, 2006, Plaintiff became ill at work because of the stress of the harassment at work.

11. During her illness, the Defendant classified her absence as AWOL, even though it was known that Plaintiff was ill and Plaintiff's mother contacted Ms. Sides and Ms. Sides indicated that Plaintiff could not return to work until released by her doctor.

12. On August 16, 2006, Plaintiff attempted to return to work and Defendant wanted her to return to the Operating Room, even though the note form her doctor indicated that she should not return to the Operating Room.

13. Defendant did not take action until approximately five (5) weeks later, by which time Plaintiff had secured other employment.

14. Defendant did nothing to stop Ms. Sides' harassing behavior and attempted to return Plaintiff to the hostile environment after Plaintiff returned from sick leave brought on by the harassment.

15. In 2006, Plaintiff was a nurse at Level 1, Step 5.

## COUNT I

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED and 42 U. S. C. §1981a

## RACE, GENDER AND RELIGIOUS DISCRIMINATION

Comes Now Plaintiff, for Count I of her Complaint against Defendant, states to the Court as follows:

1. Plaintiff repleads and incorporates by reference as if more fully set forth, each and every one of the allegations set forth in the Allegations Common to all Counts above, as Paragraph 1 of Count I.

2. Plaintiff filed timely charges of race, gender and religious discrimination, hostile work environment and racial harassment and has met all the jurisdictional prerequisites to bringing this cause of action.

3. Defendant, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U. S. C. §2000e, et seq., has denied, and will continue to deny Plaintiff the equal opportunity for employment because of her race, gender and her religion.

4. As a direct result of Defendant's conduct, Plaintiff has lost and will continue to lose wages, benefits, and other fringe and financial benefits incident to employment

5. As a direct result of Defendant's actions, Plaintiff has suffered pain, emotional distress, inconvenience and loss of enjoyment of life

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment in her favor on Count I of her Complaint against Defendant

4

1. Enter a judgment stating that Defendant policies violated of Title VII of the Civil Rights Act of 1694, as amended, 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981(a);

2. Award Plaintiff compensatory damages consisting of all the earnings, back wages, and fringe benefits Plaintiff would have received but for the discriminatory action of Defendant;

3. Award Plaintiff compensatory damages consisting of future pecuniary losses and damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, because of Defendant's unlawful actions;

4. Order that Defendant to reinstate Plaintiff to a position as a registered nurse with the Department of Veterans' Affairs without loss of seniority,

5. Award Plaintiff her reasonable attorney's fees and costs herein; and

6. Award Plaintiff such other and further relief as the Court deems just and proper

## Count II

### Violation of 42 U.S.C. § 1981

Comes Now Plaintiff and for Count II of her Complaint against the Defendant states the Court as follows:

1. Plaintiff repleads and incorporates herein by reference, as if more fully set forth, each and every one of the allegations set forth above in paragraph 1 through 15 ,

inclusive, of the Allegation Common to all Counts above, and paragraph 2 through 5 inclusive of Count 1, inclusive, as paragraph 1 of Count II

    2.        Defendant's actions as described herein violate 42 U.S.C. §1981.

    3.        Defendant's actions towards Plaintiff was willful and intentional

    4.        As a direct result of Defendant's unlawful conduct towards Plaintiff, she has lost and will continue to lose wages and other fringe and financial benefits incident to employment.

    5.        As a direct result of Defendant's conduct, Plaintiff has suffered pain, emotional distress, and mental anguish

WHEREFORE, Plaintiff respectfully requests that this Court enter a Judgment in her favor and against the Defendant on Count II of her Complaint as follows:

    1.        Declare that Defendant has engaged in unlawful employment practices, in violation of 42 U.S.C. § 1981;

    2.        Order that Plaintiff be compensated for all losses and damages suffered as a result of Defendant's unlawful actions;

    3.        Award Plaintiff damages to compensate her for the pain, suffering and humiliation and embarrassment she has experienced as a result of Defendant's unlawful conduct;

    4.        Award Plaintiff her reasonable attorney's fees and costs incurred in this action;

    5.        Award Plaintiff, interest on any damages from the date of Defendant's unlawful conduct; and

6.	Award Plaintiff such other and further relief as the Court deems just and proper

Respectfully Submitted,

**LAW OFFICE OF ALTHEA P. JOHNS**

By _____
ALTHEA P. JOHNS, MBE #36552
U.S.D.C. #3486
225 South Meramec Ave, Suite 325
St. Louis, Missouri 63105
(314) 725-4145  Telephone
(314) 727-0308  Facsimile

**Attorney for Plaintiff, VICTORIA BELTON**

7