# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| VICTORIA BELTON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:08CV915RWS |
| ERIC K. SHINSEKI, Secretary, Department of Veterans Affairs, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On December 30, 2009, Defendant Eric K. Shinseki moved in limine to exclude (1) all evidence relating to Plaintiff Victoria Belton's claim that she was constructively discharged because she failed to plead it in her complaint and because she failed to exhaust her administrative remedies, (2) all testimony relating to her claims of race sex and religion discrimination because Belton did not file proposed findings of fact, (3) any claims relating to actual damages because they were not set forth in a finding of fact in Belton's pretrial findings, any claims for hostile work environment that occurred prior to June 16, 2006, and (4) any claim for emotional distress damages because Belton has not offered medical diagnoses or psychiatric reports.

On January 22, 2010, I determined that at least one of the issues Shinseki had raised in his motion in limine should be addressed at the summary judgment stage. I granted Shinseki leave *to move for summary judgment* to address *the issues contained in his motion in limine*. On February 9, 2010, Shinseki *moved to dismiss* Belton's constructive discharge claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because she failed to file an administrative claim with the EEO relating to constructive discharge. Shinseki also moved for summary judgment on several other bases that were not among the issues contained in his motion in limine.

"Administrative remedies must be exhausted before a federal employee may bring an employment discrimination claim against a federal employer." McAlister v. Sec'y of Dep't of Health and Human Servs., 900 F.2d 157, 158 (8th Cir. 1990); see also Ballard v. Rubin, 284 F.3d 957, 964 n.6 (8th Cir. 2002). The Supreme Court has long held "that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal, but a requirement that, like a statute of limitations, is subject to waiver." Zipes v. Trans World Airlines, Inc.. 455 U.S. 385, 393 (1982).

Because failure to exhaust is not jurisdictional and Shinseki argues Belton's claim should be dismissed for lack of subject matter, I will deny Shinseki's motion

to dismiss. Although a motion to dismiss for failure to state a claim under Rule 12(b)(6) can be treated as a motion for summary judgment under Rule 56 if matters outside the pleadings are presented, no such authority exists for a motion under Rule 12(b)(1). Fed. R. Civ. P. 12(d). As a result, I will not treat Shinseki's motion as one for summary judgment. I will, however, *again* grant Shinseki leave to move for summary judgment on this basis.

The deadline for dispositive motions was June 29, 2009. Shinseki's predecessor, James Peake, previously moved for summary judgment on May 27, 2009. On the eve of trial, Shinseki moved in limine to exclude certain evidence. I granted him leave to move for summary judgment on those issues, not carte blanche leave to raise issues he should have raised before or did raise before. Because the other issues Shinseki raises in the instant motion were not among the issues he moved in limine to exclude, I will deny his motion in all other respects.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Eric K. Shinseki's motion to dismiss [#78] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Eric K. Shinseki is granted leave to move for summary judgment on any or all of the bases raised in his motion in limine. Defendant's motion is due no later than **February 17, 2010.**

Plaintiff's response in opposition is due no later than **March 19, 2009.** Shinseki's reply is due no later than **March 29, 2010.**

Dated this 10th Day of February, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE