UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA BELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV915RWS |
| | ) | |
| ERIC K. SHINSEKI, Secretary, | ) | |
| Department of Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On December 30, 2009, Defendant Eric K. Shinseki moved in limine to exclude (1) all evidence relating to Plaintiff Victoria Belton's claim that she was constructively discharged because she failed to plead it in her complaint and because she failed to exhaust her administrative remedies; (2) all testimony relating to her claims of race sex and religion discrimination because Belton did not file proposed findings of fact; (3) any claims relating to actual damages because they were not set forth in a finding of fact in Belton's pretrial findings, any claims for hostile work environment that occurred prior to June 16, 2006; and (4) any claim for emotional distress damages because Belton has not offered medical diagnoses or psychiatric reports.

On January 22, 2010, I determined that at least one of the issues Shinseki had raised in his motion in limine should be addressed at the summary judgment stage. I granted Shinseki leave to move for summary judgment to address the issues contained in his motion in limine. On February 9, 2010, instead of moving for summary judgment as

instructed, Shinseki moved to dismiss Belton's constructive discharge claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because she failed to file an administrative claim for constructive discharge with the EEO. Because failure to exhaust is not jurisdictional, I denied Shinseki's motion to dismiss, but again granted Shinseki leave to move for summary judgment on the grounds identified in his motion in limine. Shinseki now moves to dismiss Belton's constructive discharge and hostile work environment claims. Because Belton failed to exhaust her administrative remedies relating to her constructive discharge, I will grant Shinseki judgment on that claim. I will deny his motion in all other respects.

*Background*

The facts relating to Belton's claims are recited in my August 12, 2009 order so I will not recite them in detail here. However, because the instant motion for summary judgment concerns the issue of whether Belton exhausted her administrative remedies on her constructive discharge claim, I will describe the events that relate to that claim and the EEO charge.

Belton claims she was subjected to a hostile work environment by her supervisor in the operating room at the Veterans' Administration (VA), which led to her nervous breakdown on June 16, 2006. After her breakdown, Belton attempted to return to work on August 15, 2006 and provided two notes from medical providers. The first note, from Valerie Walker, M.D., stated that Belton had "recovered sufficiently to resume his (her)

regular occupation on 8-15-06." The second note, from Walter E. Roberson, Jr., MA, LPC of CWE Therapy stated "it would be unhealthy for her to ever return to that environment." One of Belton's supervisor's, Nurse Catherine Miller, advised Belton that due to the inconsistencies in her documentation, she would not reassign Belton to another area and needed clarification.

On August 17, 2006, the VA treated Belton's notes as a request for a reasonable accommodation based on a disability and sent Belton a letter alerting her that the information she had provided was insufficient. In the next several weeks, Belton obtained additional medical documentation. For example, on August 29, 2006, Layla Ziace, M.D., stated that Belton's job related stress caused her to experience depression and post traumatic stress and recommended that Belton be transferred to another area of nursing. On September 5, 2006, Belton was evaluated by Dr. Matthew McCall, who determined that Belton was "restricted from working in the OR."

On September 11, 2006, Belton was informed that the VA would honor her request for reassignment from the operating room. On September 18, 2006, the VA sent an official letter to Belton that her request to be assigned to another area was granted and she was to report to work on September 21. Belton received that letter on September 20, 2006. Belton notified the VA that as of September 27, 2006, she was resigning because she had taken another job. In her resignation letter, Belton explained that her reason for

resigning was that when she returned to work on August 15, 2006, she was told her paper work had conflicting information.

Belton filed an administrative charge on September 25, 2006. Belton listed her claims as "Harassment + hostile work environment on going [sic] since December 2005." Belton did not mention constructive discharge in her administrative charge. Faye Mosby was identified as Belton's representative in her EEO charge.

On October 18, 2006, the EEO Officer wrote a letter to Belton's representative, Faye Mosby. The letter stated, "Your client's complaint of discrimination raises the following claim: Whether on the bases of race (Black), religion (Pentecostal) and sex (Female) when from 2002 through August 2006, the complainant was subjected to harassment and a hostile work environment as evidenced by" several events. On November 15, 2006, the EEO Officer again wrote Mosby concerning Belton's complaint. The letter indicated that Belton had identified additional events, but none of the claims involved allegations of constructive discharge. On page 9 of the November 15, 2006 letter, the EEO Officer advised Mosby, "If you or your client believe that the accepted claim is improperly formulated, incomplete, or incorrect, you have the opportunity to notify this office within 7 calendar days of receipt of this letter, in writing, by mail or fax to state her disagreement. . . . If you or your client do not contact this office within 7 calendar days, it will be assumed that the claim is correctly stated."

On April 13, 2007, the EEO investigator submitted her investigative summary "In the Matter of the EEO Complaint of Discrimination of Ms. Victoria Belton." The summary identified Belton's claim as: "Whether on the bases of race (Black), religion (Pentecostal), and sex (female) when from June 12, 2006 through August 25, 2006 [sic],[1] the Complainant was subjected to harassment and a hostile work environment as evidenced by" a number of events. The investigative summary did not include a claim of constructive discharge. While the summary discusses the matter of Belton's resignation, it does not identify the circumstances surrounding her resignation as part of her claims. It merely states:

> The Complainant said she did not hear from anyone until sometime in September. She stated that she was finally sent a letter telling her to return to work and that she would be assigned to ward 6-North. The Complainant said the letter was sent to an old address and there was some delay in her receiving the letter. However, she said that a month had gone by and she needed to work when she returned in August, but did not need the job in September. Upon advice from her Mother, the Complainant said she decided to resign. According to the Complainant, by the time she received the letter in September, she had already found another job.

***Legal Standard***

In considering whether to grant summary judgment, a district court examines the "pleadings, the discovery and disclosure materials on file, and any affidavits." Fed. R. Civ. P. 56(c)(2). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to

---

[1] The summary says August 25, 2006, not August 15, 2006.

any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998). When a genuine issue of material fact exists, summary judgment should not be granted.

The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the nonmoving party has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Discussion*

"Administrative remedies must be exhausted before a federal employee may bring an employment discrimination claim against a federal employer." McAlister v. Sec'y of Dep't of Health and Human Servs., 900 F.2d 157, 158 (8th Cir. 1990); see also Ballard v. Rubin, 284 F.3d 957, 964 n.6 (8th Cir. 2002). The purpose of the exhaustion requirement is to provide the employer "with notice of the charges and an opportunity to comply

voluntarily with applicable statutes." Watson v. O'Neill, 365 F.3d 609, 614 (8th Cir. 2004). The exhaustion requirement "affords the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, thus avoiding unnecessary judicial action." Id. "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 223 (8th Cir. 1994).

"[T]he scope of the civil suit may be as broad as the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination." Tart v. Hill Behan Lumber Co., 31 F.3d 668, 671 (8th Cir. 1994). "[W]hen an employee seeks judicial relief for incidents not listed in her original administrative charge, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the administrative charge, including new acts occurring during the pendency of the charge." Anderson v. Block, 807 F.2d 134, 148 (8th Cir. 1986). An investigation of constructive discharge may be reasonably expected to grow out of a charge of other types of discrimination, see, e.g., E.E.O.C. v. Delight Wholesale Co., 973 F.2d 664, 669 (8th Cir. 1992), but whether a constructive discharge claim was "directly related to or grew out of the practices

challenged in the prior charges" depends on the circumstances. Green v. Frank, 972 F.2d 353 (Table), 1992 WL 15970 (8th Cir. 1986) (unpublished decision).

In this case, Belton did not allege a constructive discharge claim in her EEO charge. Belton argues her constructive discharge occurred while the original charge was pending, but the record shows that the administrative charge was not filed until September 25, 2006, which was *after* Belton had been offered a position in another area (not the operating room). Belton also argues that she filed an addendum regarding her constructive discharge. I have reviewed the addendum Belton filed and find it does not discuss a constructive discharge. Belton's addendum does not state that she was forced to resign based on her working condition. It describes the incident when she returned to the hospital with the conflicting notes. Although an administrative charge should be construed liberally, Belton's addendum did not reflect that she had been forced to leave or had taken another job such that an investigation of constructive discharge could be reasonably expected to grow out of her allegations.

Moreover, Belton was informed on November 15, 2006 that if the EEO's characterization of her claim as solely one for harassment and hostile work environment was inaccurate that she should notify the EEO Officer within seven days. There is no evidence in the record that Belton requested that the EEO also view her claim as one concerning a forced resignation. Because the record shows that Belton did not allege constructive discharge in her EEO charge and did not amend her claim to reflect that she

had been forced to leave or take another job such that an investigation of constructive discharge could be reasonably expected to grow out of her allegations, I conclude Belton failed to exhaust her administrative remedies and Shinseki is entitled to summary judgment on Belton's constructive discharge claim.

*Hostile Work Environment*

The deadline for dispositive motions was June 29, 2009. Shinseki's predecessor, James Peake, previously moved for summary judgment on May 27, 2009. On the eve of trial, Shinseki moved in limine to exclude certain evidence. I granted him leave to move for summary judgment on those issues, not carte blanche leave to raise issues he should have raised before or did raise before. Because the issue Shinseki raises in the instant motion were not among the issues he moved in limine to exclude, I will deny Shinseki judgment on Belton's hostile work environment claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Eric K. Shinseki's motion for summary judgment [#83] is **GRANTED in part and DENIED in part.**

Dated this 12th Day of May, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE